IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Elizabeth L. Kaufman,<br>Plaintiff,<br><br>v.<br><br>Village of Doylestown, Ohio;<br>Kevin Milburn, individually;<br>Casey Tester, individually;<br>Eric Sands, individually<br><br>Defendants. | Case No. 5:26 CV 972<br><br>JUDGE JUDGE ADAMS<br>MAG. JUDGE HENDERSON<br><br>COMPLAINT<br><br>JURY DEMAND<br><br>FILED<br>APR 24 2026<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF OHIO<br>AKRON |

Plaintiff Elizabeth L. Kaufman, proceeding pro se, for her Complaint against Defendants, states as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.
2. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff asserts federal civil-rights claims.
3. This Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.
4. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Wayne County, Ohio, within the Northern District of Ohio.

## II. PARTIES

5. Plaintiff Elizabeth L. Kaufman is a resident of Akron, Ohio.
6. Defendant Village of Doylestown, Ohio is a municipal entity responsible for the policies, customs, training, supervision, and operations of its police department.
7. Defendant Kevin Milburn was, at all relevant times, a lieutenant with the Doylestown Police Department. He is sued in his individual and official capacities.
8. Defendant Casey Tester was, at all relevant times, the Chief of Police for the Doylestown Police Department and was responsible for supervision, training, and policy implementation. He is sued in his individual and official capacities.
9. Defendant Eric Sands was, at all relevant times, a law-enforcement officer involved in the original criminal investigation concerning Plaintiff when she was a minor. He is sued in his individual capacity.

## III. FACTUAL ALLEGATIONS

10. Plaintiff was sexually abused by Bryan M. Eby while Plaintiff was a minor.
11. In 2010, Plaintiff made a police report concerning Eby. Plaintiff alleges that the original report was incomplete because she was a traumatized minor, had developed a trauma bond to her abuser, and was attempting to protect him at the time of reporting.
12. Plaintiff alleges that, during the original investigation, relevant evidence and witness information were not fully pursued, documented, or presented, including evidence of deleted communications, available witness testimony, and the broader scope of abuse Plaintiff later described.
13. Plaintiff further alleges that Officer Eric Sands received or had access to information indicating that Eby had deleted communications relevant to the investigation, but that this issue was not meaningfully pursued as part of the case.
14. The resulting criminal prosecution of Eby was narrower than the abuse history Plaintiff later reported.
15. Assistant Prosecutor Edna J. Boyle represented the State of Ohio in the original criminal case against Eby.
16. Plaintiff alleges that the prosecution did not make full use of available evidence and witness information.
17. Plaintiff further alleges that, before Eby's guilty plea was accepted, the indictment was amended to remove references to Plaintiff's date of birth from the counts, and that Plaintiff

and her parents were not informed of or consulted about that amendment or plea-related decision-making process.

18. Plaintiff alleges that she was not properly informed of her rights as a crime victim, including any opportunity to raise concerns about the plea process or the narrowing of the case.
19. In April 2024, after obtaining and reviewing prior case materials, Plaintiff sought to make a new and more complete report concerning additional allegations, additional involved parties, additional witness information, and concerns about the handling of the original case.
20. On or about April 17, 2024, Plaintiff first went to the Wayne County Sheriff's Office, but she was told she needed to make the report with the Doylestown Police Department because the underlying conduct occurred within Doylestown's jurisdiction.
21. On April 18, 2024, Plaintiff went to the Doylestown Police Department with her fiancé to make a new and complete report.
22. During that meeting, Plaintiff told Defendant Milburn that the 2010 report had been incomplete and explained why it had been incomplete.
23. Plaintiff alleges that Milburn questioned why she was reporting "now," asked whether she had a vendetta against Eby, suggested counseling instead of legal action, and stated that the prosecutor probably would not file new charges.
24. No formal report was taken from Plaintiff on April 18, 2024.
25. Plaintiff returned to the Doylestown Police Department on April 19, 2024, because she believed she had been talked out of making the report and wanted the matter formally documented.
26. On April 19, 2024, Plaintiff submitted a written statement describing additional allegations and concerns, including concerns about the original investigation, the original plea process, the lack of full discovery, and the failure to pursue additional evidence and witnesses.
27. Plaintiff alleges that Milburn again told her that the prosecutor might reject the matter and referenced double-jeopardy concerns, even though Plaintiff was attempting to report additional facts, additional parties, and matters that had not been fully documented previously.
28. Milburn stated that he had already emailed materials to the prosecutor and that the prosecutor was expecting Plaintiff's call.
29. On April 23, 2024, Plaintiff contacted the Wayne County Prosecutor's Office and was told that no such report or submission was reflected in the prosecutor's system.
30. Plaintiff then contacted Milburn for an update. Plaintiff alleges that Milburn did not provide a clear explanation for why the prosecutor's office had no record of the matter.
31. On April 26, 2024, Milburn emailed Plaintiff stating that the prosecutor had reviewed the original case file and the new information Plaintiff provided, believed the original case had been handled appropriately, and would not pursue additional charges against Eby or other parties.
32. Plaintiff alleges that Defendants did not conduct a meaningful new investigation into the allegations and concerns Plaintiff presented in April 2024.
33. Plaintiff alleges that Defendants did not interview the additional persons she identified, did not meaningfully document the full scope of her 2024 report, and instead treated the matter as closed by reference to the earlier prosecution.
34. Plaintiff alleges that the Village of Doylestown, through its police department and supervisory officials, failed to maintain constitutionally adequate policies, customs, training, and supervision regarding the intake, documentation, escalation, and handling of sensitive victim reports involving sexual abuse and related official misconduct concerns.
35. Plaintiff alleges that Defendant Tester failed to supervise, train, or correct the conduct of subordinate officers, including Milburn, in connection with the handling of Plaintiff's 2024 report.
36. As a direct and proximate result of Defendants' conduct, Plaintiff suffered emotional distress, mental anguish, retraumatization, and interference with her ability to seek legal redress and meaningful review of the matters she reported.

## IV. CLAIMS FOR RELIEF

### COUNT I
### 42 U.S.C. § 1983 — Interference with Reporting and Access to Legal Redress

37. Plaintiff realleges and incorporates Paragraphs 1 through 36 as if fully rewritten herein.
38. Acting under color of state law, Defendant Milburn intentionally or recklessly interfered with Plaintiff's effort to make a new and complete report in April 2024 by discouraging

reporting, delaying or preventing full intake on April 18, 2024, prematurely routing the matter toward rejection, and misrepresenting or obscuring the status of the submission to the prosecutor's office.

39. Plaintiff further alleges that Defendant Sands, through his earlier investigative conduct, contributed to the incomplete and misleading record on which the 2024 non-investigation was later based.
40. The foregoing conduct deprived Plaintiff of rights secured by the Constitution, including meaningful access to seek redress through government reporting channels and freedom from arbitrary official interference with that process.
41. As a direct and proximate result, Plaintiff suffered the injuries described above.

**COUNT II**

**42 U.S.C. § 1983 — Municipal Liability / Failure to Train, Supervise, and Implement Proper Reporting Practices**

42. Plaintiff realleges and incorporates Paragraphs 1 through 41 as if fully rewritten herein.
43. Plaintiff alleges that the constitutional injuries described in this Complaint were caused by policies, customs, practices, or deliberately indifferent failures in training and supervision attributable to Defendant Village of Doylestown.
44. Plaintiff alleges that the Village failed to maintain adequate procedures for receiving, documenting, preserving, escalating, and investigating follow-up victim reports involving sexual abuse, additional allegations, and complaints of prior investigative mishandling.
45. Plaintiff further alleges that Defendant Tester, as a supervisory official, knew or should have known of deficiencies in training, supervision, and reporting practices and failed to correct them.
46. These failures were a moving force behind the deprivation of Plaintiff's rights and the non-investigation of her 2024 report.

**COUNT III**

**Negligence / Gross Negligence (Ohio Law)**

47. Plaintiff realleges and incorporates Paragraphs 1 through 46 as if fully rewritten herein.
48. Defendants owed Plaintiff duties to reasonably receive, document, preserve, and process her report and associated evidence within the scope of the functions they undertook.
49. Defendants breached those duties by failing to reasonably document, transmit, investigate, or follow up on Plaintiff's April 2024 report and by failing to exercise reasonable supervision over those functions.
50. As a direct and proximate result, Plaintiff suffered damages, including emotional distress and other harms alleged herein.

**COUNT IV**

**Intentional Infliction of Emotional Distress**

51. Plaintiff realleges and incorporates Paragraphs 1 through 50 as if fully rewritten herein.
52. Plaintiff alleges that Defendants' conduct in discouraging, minimizing, and effectively closing out her attempt to make a fuller report of childhood sexual abuse and related misconduct was extreme and outrageous under the circumstances.
53. Plaintiff alleges that Defendants knew or should have known that such conduct would foreseeably cause severe emotional distress and retraumatization.
54. Plaintiff suffered serious emotional distress as a result.

## V. DAMAGES

55. Plaintiff has suffered damages including, but not limited to, emotional distress, mental anguish, retraumatization, humiliation, frustration of legal redress, and other compensatory damages to be proven at trial.
56. Plaintiff seeks punitive damages against the individual defendants to the extent permitted by law.

## VI. PRAYER FOR RELIEF

57. Wherefore, Plaintiff respectfully requests judgment in her favor and against Defendants as follows:
    A. Compensatory damages in an amount to be determined at trial;
    B. Punitive damages against the individual defendants to the extent permitted by law;
    C. Costs, fees where recoverable, and such other relief as the Court deems just and proper;
    D. Any declaratory or other appropriate relief the Court finds warranted on the claims pleaded.

## VII. JURY DEMAND

58. Plaintiff demands a trial by jury on all issues so triable.

## VIII. SIGNATURE

Respectfully submitted,

Elizabeth L. Kaufman

Elizabeth L. Kaufman
204 White Pond Dr.
Akron, Ohio 44313
(330) 808-4071
KaufmanElizabeth652@gmail.com
Plaintiff, pro se